JS-6

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ETTEDGUI, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>WB STUDIO ENTERPRISES INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. 2:20-cv-08053-MCS-JDE<br><br>Assigned to: Hon. Mark C. Scarsi<br><br>[PROPOSED] ORDER:<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 74);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES AND COSTS (ECF NO. 73); AND**<br><br>**(3) ENTERING FINAL JUDGMENT** |

On May 23, 2022 at 9:00 a.m., a hearing was held on the motion of Plaintiff David Ettedgui ("Plaintiff") for final approval of the class settlement (the "Settlement") with Defendant WB Studio Enterprises Inc. ("Defendant") and payments to the Class, Aggrieved Employees, the Plaintiff, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its Order on January 26, 2022 (Docket No. 52) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members and the Aggrieved Employees have been given notice of the terms of the Settlement and the opportunity to comment on and/or object to the Settlement. In addition, Class Members have been given the opportunity to exclude themselves from the Settlement.

Having received and considered the Settlement, the supporting papers filed, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court **GRANTS** final approval of the Settlement, enters this Final Approval Order and Judgment ("Final Approval Order and Judgment" or "Order"), and **HEREBY ORDERS** and **MAKES DETERMINATIONS** as follows:

1. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d). The Court further has jurisdiction over all parties to the Action, including members of the Class and all Aggrieved Employees. The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA").

2. Except as otherwise specified herein, the Court for purposes of this Final Approval Order and Judgment adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

3. For settlement purposes only, the Court finds that Plaintiff is an adequate representative of the Class and appoints him as such. The Court also

approves a representative action under the Private Attorneys General Act, California Labor Code section 2698 et. seq. ("PAGA") on behalf of the Aggrieved Employees and finds that Plaintiff is also an adequate representative of the Aggrieved Employees.

4. The Court finds that Blumenthal Nordrehaug Bhowmik De Blouw LLP has adequately represented the Class and the Aggrieved Employees and are appointed as Class Counsel for the Class and as counsel for the represented Aggrieved Employees.

5. In the Preliminary Approval Order, this Court certified the Class and a representative action on behalf of the Aggrieved Employees for settlement purposes only. For settlement purposes only, the Court confirms the certification of the Class which is defined as all individuals who worked for Defendant in California as non-exempt employees who were Tour Guides/Floaters as at any time during the Class Period. The Class Period is June 29, 2016 through May 27, 2021. For settlement purposes only, the Court further confirms the manageability of the representative action on behalf of the Aggrieved Employees, which is defined as all individuals who worked for Defendant in California as non-exempt employees who were Tour Guides/Floaters at any time during the PAGA Period. The PAGA Period is February 17, 2019 through May 27, 2021.

6. There were four (4) valid Requests for Exclusion to the Settlement in response to the Class Notice. The individuals who validly requested exclusion are: Tanner Conant, Matthew Harrison, Kenneth W. Sapp Jr., and James Foye.

7. Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each Class Member and Aggrieved Employee by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs application, their right to elect not to participate

in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. The Class Notice further informed Aggrieved Employees of the PAGA settlement, including their right to receive a share of the PAGA Payment and to comment or object to that portion of the Settlement. Adequate periods of time were provided for each of these procedures.

8. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and Aggrieved Employees and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members and/or Aggrieved Employees. The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

9. No Class Members and/or Aggrieved Employees filed written objections to the proposed settlement as part of this notice process.

10. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and the Aggrieved Employees when balanced against the probable outcome of extensive and costly litigation. Substantial investigation and research have been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions. It appears to the Court that Settlement will avoid substantial additional costs by all Parties, as well as the delay and uncertainties that would be presented by further prosecution of the Action. The Court finds the Settlement that has been reached is the result of intensive, non-collusive, arm's-length negotiations, including mediation with an experienced, third-party neutral.

11. The Court finds and determines that all Participating Class Members and Aggrieved Employees will be bound by the Settlement, that the Settlement is

1  ordered finally approved, and that all terms and provisions of the Settlement should
2  be and hereby are ordered to be consummated.

3      12.    The Court finds and determines that the all-inclusive Gross Settlement
4  Amount in the amount of Seven Hundred Twenty Thousand Dollars ($720,000.00)
5  and the Settlement Shares to be paid to the Participating Class Members as
6  provided for by the Settlement are fair and reasonable. The Court hereby grants
7  final approval to and orders the payment of those amounts be distributed to the
8  Participating Class Members out of the Net Settlement Amount in accordance with
9  the Agreement. Pursuant to the terms of the Agreement, the Settlement
10 Administrator is directed to make the payments to each Participating Class Member
11 in accordance with the Agreement.

12     13.    The Court finds and determines that the fees and expenses of Simpluris
13 in administering the settlement, in the amount of $20,000, are fair and reasonable.
14 The Court hereby grants final approval to and orders that the payment of that
15 amount be paid out of the Gross Settlement Amount in accordance with the
16 Agreement.

17     14.    The Court approves the PAGA Payment of $20,000, which $15,000
18 shall be allocated to the Labor Workforce Development Agency ("LWDA") as the
19 LWDA's share of the settlement of civil penalties paid under this Agreement
20 pursuant to the PAGA, and $5,000 will be distributed to the Aggrieved Employees
21 to be allocated based on the number of pay periods worked as an Aggrieved
22 Employee during the PAGA Period.

23     15.    The Court finds and determines that the request by Plaintiff and Class
24 Counsel for the Class Representative Service Payment and an attorneys' fees and
25 costs award pursuant to their application for such awards (as limited by the
26 Agreement) are fair and reasonable. The Court hereby grants final approval to and
27 orders that the payment of the amounts of ~~$10,000~~ **$5,000** to the Plaintiff for his
28 Class Representative Service Payment, $240,000 for attorneys' fees to Class

- 4 -

Counsel, and $17,774.86 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Agreement.

16. Upon the occurrence of the Effective Date and the funding of the Settlement, the Participating Class Members shall irrevocably release, acquit, and forever discharge the Released Class Claims as to Defendant and the Released Parties. "Released Class Claims" are any and all claims, liabilities, rights, demands, suits, matters, obligations, liens, damages, losses, costs, expenses, debts, actions, and causes of action, of every kind and/or nature whatsoever, which any Participating Class Member now has or at any time ever had against any of the Released Parties that is alleged in the operative Complaint or that could have been alleged based on the facts alleged in the operative Complaint, including: (a) meal period penalties allegedly owed to the Participating Class Members by Defendant during the Class Period; (b) rest period penalties allegedly owed to the Participating Class Members by Defendant during the Class Period; (c) violation or alleged violation of California Labor Code Sections 201, 202, 203, 226, 226.7, 512, and 2802 and/or any California Industrial Commission Wage Order or other statute or regulation regarding meal and rest periods; (d) attorneys' fees due or allegedly due under California Labor Code or any other statute, regulation, or contractual provision providing for such fees in connection with the operative Complaint; and (e) penalties or other payments which are based on any of the foregoing, including penalties, premiums, or payments under California Labor Code Sections 201, 202, 203, 226, 226.7, 512, and 2802 and/or any violation of the California Industrial Commission Wage Order alleged in the operative Complaint ("Released Class Claims"). Without in any way limiting the foregoing, the Released Class Claims shall include all claims, liabilities, rights, demands, suits, matters, obligations, liens, damages, losses, costs, expenses, debts, actions, and causes of action under statutes and regulations set forth in this paragraph, whether enforced directly or pursuant to California Labor Code Section 2699, California Business and Professions Code

Section 17200, *et seq.*, or any other mechanism. The Released Class Claims do not include claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and claims outside of the Class Period.

17. Upon the occurrence of the Effective Date and the funding of the Settlement, (i) Plaintiff, in his capacity as a private attorney general for, and proxy or agent of, the LWDA, and (ii) the LWDA, as the real party in interest, both will irrevocably release, acquit, and forever discharge Defendant and the Released Parties of all PAGA claims for civil penalties pled in the operative Complaint or in the Class Representative's letter to the LWDA, dated February 17, 2020, which arose during the PAGA Period or could have been alleged based on the factual allegations contained in the operative Complaint or letters sent by Plaintiff that occurred during the PAGA Period as to the Aggrieved Employees, including: (a) PAGA claims predicated on meal period penalties allegedly owed to the Aggrieved Employees by Defendant during the PAGA Period; (b) PAGA claims predicated on rest period penalties allegedly owed to the Aggrieved Employees by Defendant during the PAGA Period; (c) PAGA claims predicated on violation or alleged violation of California Labor Code Sections 201, 202, 203, 226, 226.7, 512, and 2802 and/or any California Industrial Commission Wage Order or other statute or regulation regarding meal and rest periods; (d) attorneys' fees due or allegedly due under PAGA in connection with the operative Complaint; and (e) PAGA penalties which are based on any of the foregoing, including PAGA penalties predicated on penalties, premiums, or payments allegedly due under California Labor Code Sections 201, 202, 203, 226, 226.7, 512, and 2802 and/or any California Industrial Commission Wage Order ("Released PAGA Claims"). The Released PAGA Claims exclude any PAGA claims outside the PAGA Period. The release of the Released PAGA Claims shall be effective as to all Aggrieved Employees,

regardless of whether an Aggrieved Employee submitted a request to be excluded from the Settlement.

18. Upon the occurrence of the Effective Date and the funding of the Settlement, the Plaintiff also irrevocably releases, acquits, and forever discharges Defendant and the Released Parties from any and all claims, transactions or occurrences between them, inclusive of the Released Class Claims, the Released PAGA Claims, and any claims arising from his employment with Defendant and separation of said employment with Defendant ("Plaintiff's Released Claims"). Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights which as a matter of law cannot be waived and released by private agreement, including rights to sue to enforce this Agreement and rights to vested benefits, unemployment benefits, disability benefits, social security benefits, and workers' compensation benefits and claims.

19. The Released Class Claims, Released PAGA Claims, and Plaintiff's Released Claims include any claim of the kind described in Paragraphs 16, 17, and/or 18 above whether or not Plaintiff or any Class Member or Aggrieved Employee has directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity, whether by operation of law or otherwise, any portion of any Released Class Claims, Released PAGA Claims, or Plaintiff's Released Claims.

20. All Participating Class Members shall be bound by all of the applicable releases and other terms of the Agreement and this Final Approval Order and Judgment, whether or not they actually receive or cash their settlement checks for their Settlement Share, and shall not be permitted to seek any further payment or any personal relief of any kind, including any payment for damages, wages, compensation, fees, costs, penalties, or interest, other than their respective Settlement Share on account of the Released Class Claims.

21. All Aggrieved Employees shall be bound by all of the applicable releases and other terms of the Agreement and this Final Approval Order and Judgment, whether or not they actually receive or cash their settlement checks for their share of the PAGA Payment, and shall not be permitted to seek any further payment or any personal relief of any kind, including any payment for damages, wages, compensation, fees, costs, penalties, or interest, other than their share of the PAGA Payment on account of the Released PAGA Claims.

22. Each Participating Class Member and each Aggrieved Employee shall not hereafter, individually or as a member of any class or representative proceeding, file any civil action, lawsuit, grievance, demand for arbitration, charge, claim, and/or administrative complaint against Defendant or any of the Released Parties, based upon any Released Class Claims or Released PAGA Claims.

23. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payment in accordance with the Agreement.

24. If, for any reason, the Effective Date (as defined by the Agreement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

25. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff, the Class, and/or the Aggrieved Employees, individually or collectively. All liability is expressly denied by Defendant. Defendant further in no way admits that class certification is appropriate as it relates to the Class or that Plaintiff's representative PAGA action

is manageable as it relates to the Aggrieved Employees for any purposes unrelated to the Settlement.

26. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

27. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

28. Class Counsel shall provide a copy of this Final Approval Order and Judgment to the LWDA within 10 days after entry.

29. **The Court GRANTS the Motion for Settlement Approval (ECF No. 74) and GRANTS IN PART AND DENIES IN PART the Motion for Attorney Fees and Costs (ECF No. 73) consistent with this Order.**

30. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

31. The Parties are hereby ordered to comply with the terms of the Agreement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: May 23, 2022
_____

*[signature: Mark C. Scarsi]*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE